
FILED
2010 Jun-01  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   } | |
| } | |
| Plaintiff,   } | |
| } | |
| vs.   } | CASE NO. 2:09-cv-0670-SLB |
| } | |
| ONE (1) 2007 G.M.C. YUKON XL,   } | |
| VIN 1GKFC16J37J216151,   } | |
| } | |
| Defendant.   } | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff United States of America's (the "Plaintiff") Motion for Summary Judgment. (Doc. 18.)[1] Also before the court are Plaintiff's Motion to Compel, (Doc. 10), and Motion to Strike, (Doc. 12), as well as defendant One (1) 2007 G.M.C. Yukon XL, VIN 1GKFC16J37J216151's (the "Defendant" or the "Defendant Vehicle") Motion to Accept Response 2 Days Out of Time, (Doc. 17). Plaintiff has filed this action *in rem* against the Defendant Vehicle seeking its civil forfeiture pursuant to 21 U.S.C. § 881(a)(4).[2]  (Doc. 1 at ¶ 1.)  Upon consideration of the record, Plaintiff's written

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Section 881(a) states in pertinent part that:

The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

submissions,[3] and the relevant law, the court is of the opinion that Plaintiff's Motion for Summary Judgment, (Doc. 18), is due to be granted. As a result, Plaintiff's Motion to Compel, (Doc. 10), its Motion to Strike, (Doc. 12), and Defendant's Motion to Accept Response 2 Days Out of Time, (Doc. 17), are due to be denied as moot.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that

---

21 U.S.C. § 881(a)(4). Plaintiff asserts that on several occasions Moreland Nathaniel Smith ("Smith") used the Defendant Vehicle to traffic controlled substances within the meaning of 21 U.S.C. § 881(a)(1), including Oxycodone and Morphine tablets, and therefore the Defendant Vehicle is subject to forfeiture to the United States of America. (Doc. 1 at ¶¶ 5-7.)

[3] Exhibit A to the Scheduling Order provides:

> The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. ***The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.*** The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's responsive submission was due.

(Doc. 8, Ex. A at 1 (emphasis added).) Defendant did not file a response to Plaintiff's Motion for Summary Judgment.

there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every *reasonable* inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)) (emphasis added).

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed its Verified Complaint for Forfeiture In Rem on April 3, 2009. (Doc. 1.) On August 6, 2009, the court entered a Scheduling Order, which set March 31, 2010 as the deadline for filing dispositive motions; the court attached to the Order, as Exhibit A, the court's Summary Judgment Requirements. (Doc. 8 at 4 & Ex. A.) Thereafter, on March 26, 2010, Plaintiff filed its Motion for Summary Judgment, (Doc. 18), as well as a Memorandum of Law in Support of Summary Judgment, (*id.* at Ex. 1), and an Evidentiary Submission in Support of Summary Judgment, (Doc. 19). The following facts are set forth in Plaintiff's

Memorandum of Law in Support of Summary Judgment. (Doc. 18, Ex. 1 at 2-4.) Defendant did not dispute these facts, which are supported by the record evidence submitted by Plaintiff; these facts are therefore admitted.[4]

    1.    On November 19, 2008, Smith sold sixty (60), thirty (30) milligram Morphine tablets to Alex Sanders (hereinafter "Sanders," formerly referred to in the Complaint as "CI") in the parking lot of the Wildwood Shopping Center in Homewood, Alabama. (See Verification of Michael E. Jones at ¶ 2, attached as Exhibit "A" to Plaintiff's Evidentiary Submission in Support of Summary Judgment; Affidavit of Alex Sanders at ¶ 2, attached as Exhibit "B" to Plaintiff's Evidentiary Submission in Support of Summary Judgment). Law enforcement officers observed Smith driving the Defendant Vehicle when he delivered the controlled substance on November 19, 2008. (Exhibit A at ¶ 2). Sanders confirmed that Smith delivered the drugs to Sanders in a dark blue G.M.C. Yukon XL, matching the description of the Defendant Vehicle. (Exhibit B at ¶ 5).

    2.    On January 7, 2009, Smith sold ninety (90), five (5) milligram Oxycodone tablets and sixty (60), thirty (30) milligram Morphine tablets to Sanders in the Target shopping center parking lot located on Highway 280 in Birmingham, Alabama. (Exhibit A at ¶ 3; Exhibit B at ¶ 3). Smith again used the Defendant Vehicle to transport and deliver the drugs to the location of the deal. (Exhibit A at ¶ 3; Exhibit B at ¶ 5).

    3.    On January 27, 2009, Smith sold another ninety (90), five (5) milligram Oxycodone tablets and sixty (60), thirty (30) milligram Morphine tablets to Sanders in the parking lot of the Hobby Lobby located in the Wildwood Shopping Center in Homewood, Alabama. (Exhibit A at ¶ 4; Exhibit B at ¶ 4). Smith again used the Defendant Vehicle to transport and deliver the drugs. (Exhibit A at ¶ 4; Exhibit B at ¶ 5).

    4.    Immediately following the January 27, 2009, drug deal, law enforcement officials stopped Smith in the Defendant Vehicle, and Smith was arrested for trafficking in controlled substances. (Exhibit A at ¶ 5). Diversion Agent Michael Jones (hereinafter "Agent Jones") of the D.E.A. was present at Smith's January 27, 2009, arrest. (Exhibit A at ¶ 6). At the time of Smith's arrest, Jones seized the Defendant Vehicle on behalf of the D.E.A. because the Defendant Vehicle

---

[4] Exhibit A to the Scheduling Order states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." (Doc. 8, Ex. A at 4 (emphasis omitted).)

4

was used to facilitate a violation of 21 U.S.C. § 841. (Exhibit A at ¶ 7). Further, Official Authorized Funds used to make the January 27, 2009, purchase were recovered from the Defendant Vehicle at the time of the seizure. (Exhibit A at ¶ 5).

     5.     Smith admitted that he used the Defendant Vehicle on November 19, 2008, January 7, 2009, and January 27, 2009, to deliver controlled substances to an individual (Sanders) at the locations previously mentioned that correspond with the dates above. (See Request for Admissions, a copy of which is attached as Exhibit "C" to Plaintiff's Evidentiary Submission in Support of Summary Judgment).

(*Id.* (footnote omitted).)

### III. **DISCUSSION**

As aforementioned, Plaintiff filed this action *in rem* against the Defendant Vehicle seeking its civil forfeiture pursuant to 21 U.S.C. § 881(a)(4). (Doc. 1 at ¶ 1.) Plaintiff contends that it is entitled to judgment as a matter of law because "[i]t is undisputed that the Defendant Vehicle was used by Smith on at least three (3) occasions to facilitate a drug deal - transporting himself to the site of the drug deal and transporting the drugs themselves to the drug deal - making the Defendant Vehicle forfeitable to the government per 21 U.S.C. § 881(a)(4)."[5] (Doc. 18, Ex. 1 at 10.)

---

[5] Although Plaintiff primarily relies on the affidavits of Drug Enforcement Administration Agent Michael E. Jones, and confidential informant Alex Sanders, in establishing that Smith used the Defendant Vehicle to traffic control substances, Plaintiff also points out that "Smith admits that he used the Defendant Vehicle to deliver controlled substances on the aforementioned dates as Smith has failed to answer the request for admissions previously served on him." (Doc. 18, Ex. 1 at 9 (footnote omitted); Doc. 19 at Ex. C.) Smith has not disputed this assertion, and has not moved to withdraw the admissions; as a result, because Smith failed to respond to the request for admissions within thirty days, the court agrees with Plaintiff that pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, "the requests were deemed admitted." (Doc. 18, Ex. 1 at 9 n.3.) *See also* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Thus, aside from Defendant's failure to respond to Plaintiff's Motion for Summary Judgment, Smith's failure to respond to Plaintiff's Requests for Admission provides an additional basis for granting Plaintiff's Motion for Summary

As set forth above, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004) (citing *United States v. One Piece of Prop.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

---

Judgment. *See, e.g.*, *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir. 1992) (affirming summary judgment in favor of the government in a civil forfeiture action based on unanswered admissions).

Applying these standards and reviewing the record and the relevant case law, the court concludes that Plaintiff, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Defendant has not come forward with *any* evidence in response to this showing. Thus, Defendant has failed to meet its burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *see Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)), and the record demonstrates that summary judgment in favor of Plaintiff is warranted. Thus, Plaintiff's Motion for Summary Judgment, (Doc. 18), is due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Plaintiff's Motion for Summary Judgment, (Doc. 18), is due to be granted, its Motion to Compel, (Doc. 10), is due to be denied as moot, its Motion to Strike, (Doc. 12), is due to be denied as moot, and Defendant's Motion to Accept Response 2 Days Out of Time, (Doc. 17), is due to be denied as moot. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 29th day of May, 2010.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE